UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AUGUSTINO M. HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 8608 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Augustino M. Hernandez brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration ("SSA's") decision denying his application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

## Background

Plaintiff filed an application for disability benefits on August 11, 2014, alleging a disability onset date of October 10, 2013. (R. 91, 93-94.) Plaintiff's application was denied initially on December 31, 2014, and on reconsideration on June 2, 2015. (R. 91, 121.) An Administrative Law Judge ("ALJ") held a hearing on plaintiff's application on November 4, 2016. (*See* R. 39-64.) On March 24, 2017, the ALJ denied plaintiff's application. (*See* R. 19-33.) The Appeals Council denied plaintiff's request for review (R. 1-4), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the SSA to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 21.) At step two, the ALJ determined that plaintiff has the severe impairments of "affective disorder, osteoarthritis, venous insufficiency, and decreased vision in the right eye." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 21-22.) At step four, the ALJ found that, plaintiff was able to perform his past relevant work as a "maintenance/cleaner," and thus he is not disabled. (R. 31-33.)

Plaintiff contends that the ALJ improperly assessed the medical opinion evidence of plaintiff's primary care provider, Dr. Patel. An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c).

Dr. Patel opined that, because of plaintiff's impairments, he can only sit for forty-five minutes at a time, walk for an hour at a time, and sit and stand/walk for two hours of an eight-hour workday. (R. 429.) He also said that plaintiff would need to take unscheduled breaks for thirty minutes every two hours, would be off task for twenty percent of a workday, can only use his hands and fingers for half of a workday, can reach in front of his body for twenty percent of a workday, and can reach overhead for ten percent of a workday. (R. 430-31.)

The ALJ said this about Dr. Patel's opinion:

> Limited weight is . . . given to the opinion of Dr. Patel in January 2015 as to the claimant's physical condition. While the claimant had some chronic pain and reduced shoulder range of motion, the limitations noted are not supported by the medical evidence of record. For example, physical examination of that same date was essentially normal. The claimant had complaints of multiple joint pain, but there were no significant objective findings. The treatment records support a greater ability to function.

(R. 30) (citations omitted).

The record supports the ALJ's assessment. Though, as plaintiff notes, Dr. Patel treated plaintiff for fifteen years, Dr. Patel's treatment notes do not support the limitations set forth in his opinion. Rather, they indicate that plaintiff had joint pain or reduced range of motion in October 2013, March 2014, and January 30, 2015 (*see* R. 383, 385, 456) but otherwise state that plaintiff's condition was stable with medication. (*See* R. 435, 439, 441-44, 446, 448, 450, 452, 454.) Moreover, Dr. Patel's treatment notes do not even address, let alone support, the limitations he imposed on plaintiff's ability to sit and stand, or his assertions about plaintiff's need for unscheduled breaks and his off-task percentage. In short, the ALJ's attribution of limited weight to Dr. Patel's opinion is supported by substantial evidence.

Plaintiff also argues that the ALJ erred in crediting the agency consultant's opinions of plaintiff's physical condition because those opinions were rendered before a November 2016 ultrasound showed that plaintiff has "significant bilateral SFA [superficial femoral artery] disease." (R. 503; *see* R. 30 ("[S]ome significant weight is given to the opinion of the state agency consultant . . . . [because] [i]t is consistent with the objective medical findings and the claimant's history of treatment.").) As the ALJ noted, however, neither the SFA diagnosis nor any other evidence in the record shows what limitations, if any, that condition imposes on plaintiff's ability to work. (*See* R. 28.) Absent such evidence, which plaintiff was required to provide, *see Luster v. Astrue*, 358 F. App'x 738, 741 (7th Cir. 2010) (stating that the claimant has "[the] burden of

4

proving the effect of [his] maladies on [his] ability to work"), the fact of the diagnosis does not invalidate the agency reviewers' opinions.

Plaintiff also takes issue with the ALJ's decision to give "[l]imited weight" to the opinion of plaintiff's treating psychologist, Dr. Meccia.[1] (R. 30.) Dr. Meccia opined that plaintiff is seriously limited, unable to meet competitive standards, or has no useful ability to function in all of the mental abilities needed to do unskilled work. (R. 419.) The ALJ rejected this opinion because Dr. Meccia's sparse treatment notes state that plaintiff is "stable."[2] (R. 30; *see* R. 370, 425-26.)

As plaintiff points out, however, Dr. Meccia's opinion is consistent with other evidence in the record, which is one of the factors the ALJ should have considered in evaluating the doctor's opinion. *See* 20 C.F.R. § 1527(c). For example, the treatment notes of another treating psychiatrist, Dr. Mabaquiao, state that plaintiff has mood swings, is verbally abusive, and has racing thoughts. (R. 476, 481-82.) Ms. Henning, a therapist who worked with plaintiff, noted that plaintiff "does not sit still," has "problems remaining on topic," and has "memory problems." (R. 483-84.) The consultative examiner ("CE") said that plaintiff was irritable, his speech was "generally coherent, but rambling," he was not "fully oriented to either time or place," and was emotionally labile. (R. 413-14.) The CE concluded that plaintiff has "deficits for attentional focus, concentration, memory, basic fund of information and concept formation" and his "judgment is impaired." (R. 415.) The ALJ's failure to assess Dr. Meccia's opinion in light of this evidence and in accordance with the other regulatory factors was error.

---

[1] Dr. Meccia's specialty is unclear as plaintiff refers to him as a psychologist and the SSA refers to him as a psychiatrist.
[2] At least, this is what the Court gleans from the ALJ's circular statement that "[t]here are insufficient records to support these treatment records for example his own treatment records." (R. 30.) "For meaningful appellate review . . . we must be able to trace the ALJ's path of reasoning." *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000).

The ALJ's RFC assessment is also flawed. The ALJ said that he accommodated plaintiff's SFA by including the following in the RFC: "[C]laimant needs to alternate his position between sitting, standing, and walking for no more than five minutes out of every hour" while remaining on task. (R. 23, 28.) As noted above, however, there is no evidence of whether or how SFA limits plaintiff's ability to work. Because this "accommodation" is untethered to any evidence, the RFC must be revisited on remand. *See* SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."); *see also Clifford v. Apfel*, 227 F.3d 863, 873 (7th Cir. 2000) ("Th[e] [RFC] finding must be supported by substantial evidence in the record.").

## Conclusion

For the reasons set forth above, the Court denies the SSA's motion for summary judgment [23], reverses the SSA's decision, and remands the case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**             **ENTERED:** September 13, 2018

**M. David Weisman**
**United States Magistrate Judge**